(March 16, 1979)

■ MICHAEL ATTANASIO, Individually and as the Natural Parent of MICHAEL P. ATTANASIO, an Infant, Appellant, v GEORGE A. FERRE et al., Respondents.—Motion by appellants for permission to prosecute appeal pursuant to 22 NYCRR 800.12. Motion denied, without costs, and appeal dismissed. The file in this matter indicates that appellants appealed from an order of the Supreme Court, Schenectady County, entered November 17, 1977, which dismissed their complaint. When appellants failed to prosecute the appeal within the time permitted by 22 NYCRR 800.9 (a), respondents moved to dismiss and a conditional order of dismissal was entered requiring appellants' record and brief to be filed on or before May 5, 1978. Subsequently, upon motion of appellants and over the objection of respondents, an extension of time to July 31, 1978 was granted. On July 28, 1978 appellants' attorney moved for a further extension of time on the grounds, *inter alia,* that appellants had not co-operated in the perfection of the appeal and were, in fact, in the process of securing another attorney. Counsel further noted that appellants had instructed him to take no further action in the case pending the substitution of attorneys. A further extension of time, to

September 29, 1978, was granted over the strong objection of respondents who contended that appellants were intentionally delaying the appeal. On September 29, 1978, the last date upon which a record and brief could be filed, appellants' attorney served yet another motion, returnable October 30, 1978, in which it was stated that appellants had still not advised counsel of their intentions with respect to the appeal and had failed to communicate with counsel's office even after having been advised of the deadlines set forth in the prior orders of this court. Based upon this conduct by appellants, counsel advised that he had applied to the court below for an order relieving him of further responsibility in the case. A fourth extension of time to prosecute the appeal was therefore requested to afford appellants an additional opportunity to retain another attorney. By decision dated January 5, 1979, the court observed that the appeal had by this time been deemed abandoned and that counsel's motion would be denied without prejudice to the making of a motion pursuant to 22 NYCRR 800.12. The instant application, filed on January 12, 1979 by appellants' new attorneys, followed. The foregoing facts make it abundantly clear that appellants have unreasonably failed to prosecute this appeal within the permitted one-year period although being given ample opportunity by this court to do so. Apparently failing to come to terms with their former attorney with respect to the appeal, appellants delayed unreasonably in the substitution of other counsel and neglected, for an extended period of time, to communicate with their former attorney regarding their intentions. Such conduct cannot be countenanced especially where it appears that appellants had knowledge of the filing deadlines imposed by this court but chose, for whatever reason, to ignore them. The court is also cognizant of respondents' right to have the instant appeal finally resolved within a reasonable period of time. Mahoney, P.J., Sweeney, Staley, Jr., Kane and Main, JJ., concur. [93 Misc 2d 661.]